(No. 2425— )

LEE STICE, AS ASSESSOR AND TREASURER OF MORGAN COUNTY, ILLINOIS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 9, 1935.*
*Rehearing granted May 14, 1935.*
*Opinion on rehearing filed May 14, 1935.*

MR. JUSTICE YANTIS delivered the opinion of the court:

Plaintiff filed his claim on June 30, 1934 as County Treasurer of Morgan County, seeking reimbursement for money advanced and paid out by him to others for the payment of coroner's fees, jurors' fees and stenographers' fees for inquests for persons who died while patients at the Illinois State Hospital for the Insane at Jacksonville.

A typical item in the Bill of Particulars is as follows:

1931
Sept. 26. For Frank Fish, coroner's fees for holding inquest. $16.00
 Fees of jury.................................... 6.00
 Witness fee ................................... .70
 Stenographer's fee ............................ 3.00
 _____
 $25.70

Included in the Bill of Particulars are four items of Five Dollars ($5.00) each for ''Coroner's Fee for inquiry.'' This doubtless refers to the preliminary investigation provided for in Section 10 of Chapter 31, Illinois Revised Statutes.

Any allowance made herein would be based upon the provision of Section 26, Chapter 53 of the Illinois Revised Statutes which provides as follows:

"For holding an inquest over a dead body when required by law in counties of the first and second class, $15.00 * * *

"For summoning the jury, $1.00.

"All of which fees shall be certified by the court and when the same cannot be collected out of the estate of the deceased, paid out of the county treasury, or in the case of inmates of any State charitable or penal institution, by the Department of Public Welfare out of the State treasury."

Section 45 of said chapter provides as follows:

"The fees of each juror attending an inquest held over a dead body shall be $1.00 per day, payable out of the county treasury, upon the certificate of the coroner or acting coroner of the county wherein the inquest was held."

Section 27 of Chapter 85 of the Illinois Revised Statutes also provides as follows:

"That in case where the dead patient was an inmate of any State charitable or penal institution, and the fees for holding such inquest cannot be collected out of the estate of such deceased inmate, such fees shall be paid by the Department of Public Welfare out of the State treasury."

As there is no showing in the record of any effort having been made by the coroner to collect his fees out of the estates of the various deceased persons, there is no justification at law for the allowance of an award out of the State Treasury. In view of the above we only call attention, in passing, to the fact that the hospital records at Jacksonville do not show the presence of one alleged inmate, Billie Spowecki; further that a charge of $2.50 appears in the Bill of Particulars for stenographic service in many instances, whereas the record discloses that a fee of only $1.50 was in fact paid. Neither

would an award be allowable to reimburse the County Treasury for jurors' ·fees, which the Statute expressly provides shall be paid out of such County Treasury. An award is denied and the claim is dismissed.

### OPINION ON REHEARING.

This matter again coming on to be heard upon Claimant's Petition for a Rehearing, and it appearing that the court had heretofore overlooked a portion of the stipulation entered into between claimant and respondent whereby it was agreed that the State would waive proof by complainant of the efforts made to collect the fees advanced from the estates of the several deceased inmates for whom inquests were held; and that it was therein agreed that the averment of such fact in the complaint might be considered as proof thereof. And it further appearing that in fact such effort was duly made; and that claimant is in fact entitled under the law to reimbursement in the sum of Four Hundred Sixty-four Dollars ($464.00) by reason of the matters and things in said original complaint appearing.

THEREFORE SAID PETITION FOR A REHEARING is hereby granted, without further hearing, and upon the record now appearing in said cause the original opinion herein is modified, and an award is hereby recommended in favor of claimant in the sum of Four Hundred Sixty-four Dollars ($464.00.)